# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4394 | **DATE** | 2/23/2004 |
| **CASE TITLE** | MCI WORLDCOM NETWORK SERVICES vs. ATLAS EXCAVATING, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant Atlas' motion for leave to file a counterclaim, a third party claim and affirmative defense, and its motion to compel, are granted, and defendant MCI's motion for sanctions is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 2 4 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 40 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | FEB 2 4 2004 | |
| | | '04 FEB 23 PM 5:05 | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MCI WORLDCOM NETWORK SERVICES, )
)
      Plaintiff/Counter-Defendant, )
)
vs. ) No. 02 C 4394
)
ATLAS EXCAVATING, INC., )
)
      Defendant/Counter-Plaintiff. )

FEB 2 4 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff MCI Worldcom Network Services, Inc. (MCI) brought this action against Atlas Excavating, Inc. (Atlas) alleging trespass, negligence and statutory strict liability. Defendant Atlas now seeks leave to file an amended answer containing the affirmative defense of comparative fault, along with a counterclaim against MCI and a third party complaint against AT&T Corporation (AT&T). Atlas also filed a motion to compel the deposition of Brian Tooley as MCI's Federal Rule of Civil Procedure 30(b)(6) witness in Chicago. MCI filed a motion seeking sanctions against Atlas for a series of discovery violations. For the following reasons, plaintiff's motions and defendant's motion are granted.

### Atlas' Motion for Leave to File Counterclaim and Third party Claim, and to Amend Answer

This case arises from an incident in Bensonville, Illinois, in December 2001, in which Atlas severed an underground cable belonging to MCI while installing fiber-optic cable lines for XO Communications. Atlas also damaged utility lines belonging to AT&T Broadband (now known as Comcast). In its complaint, MCI alleges that it properly marked the location of the cable line pursuant to Illinois law and regulations. During discovery, Atlas learned that

AT&T may have marked the line and seeks to amend its complaint.

Under Rule 15(a) we should allow pleading amendments "[i]n the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); King v. Cooke, 26 F.3d 720, 723 (7th Cir. 1994). Delay alone is generally not sufficient to justify denial of leave to amend.

In its response, MCI argues that we should deny the motion because Atlas improperly delayed the amendment resulting in prejudice and because it improperly states a claim against AT&T rather than AT&T Broadband or Comcast. We disagree. First, Atlas claims to have only learned of its potential claim through discovery, in late 2003. Moreover, delay alone is not enough to deny the motion and there is no evidence that MCI will be prejudiced in any meaningful way. It should have been clear from the commencement of this litigation that the marking of the lines is a crucial issue that will be addressed through discovery. We believe that it will be most efficient to have this issue fully litigated in this action. Finally, it seems that AT&T was the legal owner of AT&T Broadband in December 2001, and is therefore the proper third party defendant in this action.

## Atlas' Motion to Compel

On October 24, 2003, Atlas attempted to set the deposition of Brian Tooley, MCI's Rule 30(b)(6) witness, in Chicago, where he was expected to testify as to a number of matters on behalf of the corporation. Defendant denied, instead stating that Tooley would only be made available in Texas, his home state and the corporate home of MCI.

The general rule is that plaintiff, even if a non-resident, must appear at depositions in the forum of its choosing. Orrison v. Balcor Co., 132 F.R.D. 202, 203 (N.D. Ill. 1990). That is, because MCI brought suit in the Northern District of Illinois, it must make party witnesses available in Chicago, even if these witnesses live elsewhere. The cases relied on by MCI do not contradict this rule; instead, they deal either with *non-party* witnesses or with corporate *defendants*. See Yaskawa Elec. Corp. v. Kollmorgen Corp., 201 F.R.D. 443 (N.D. Ill. 2001); Zuckert v. Berkliff Corp., 96 F.R.D. 161 (N.D. Ill. 1982).

MCI's Motion for Sanctions

On November 11, 2002, MCI served its interrogatories and document production requests upon Atlas. After Atlas failed to respond, MCI filed a motion to compel, which was granted on June 2, 2003. Atlas, however has still failed to comply with that order by producing the documents or answers. Also, Atlas was required to produce a Rule 30(b)(6) witness who was qualified to testify as to a list of 24 issues. Terry Dillon was named as Atlas' witness, but at his deposition on November 19, 2003, he was unable to testify as to past damage by Atlas to other underground utility lines, also the subject of the earlier discovery dispute.

While defendant changed counsel after we issued the June 2, 2003 order, this does not provide it with an excuse to ignore that order. Atlas admits in its response that it has not provided all of the required information, yet fails to provide an adequate justification for this failure. Rule 37(b)(2) allows us to impose reasonable sanctions (such as costs and fees) in the case of such failure to comply with discovery orders. *See also* Melendez v. Illinois Bell Telephone Co., 79 F.3d 661, 670-71 (7th Cir. 1996). Atlas is directed to follow the order of June 2, 2003, and to pay MCI's costs and fees incurred in the filing of this motion.

Atlas likewise offers no justification for its failure to adequately produce its 30(b)(6) witness. It does not deny that Dillon was unqualified to testify as to the past damage, but instead claims that Dillon was partially prepared and it will make another witness available to discuss the remaining issue. This is not enough to avoid sanctions for its failure. Even though Dillon was mostly qualified and the deposition was by no means futile, defendant's failure to fully prepare him to testify violates Rule 30(b)(6). *See* Buycks-Roberson v. CitiBank Federal Sav. Bank, 162 F.R.D. 338, 343 (N.D. Ill. 1995). In addition to making available a qualified witness, defendants are ordered to pay attorney's fees and the costs of the deposition of that witness to the extent it relates to past incidents, That sanction is not so much a penalty as it is a recognition that the sequence of events has increased MCI's expense unnecessarily[1]

## CONCLUSION

For the foregoing reasons, defendant Atlas' motion for leave to file a counterclaim, a third party claim and affirmative defense, and its motion to compel, are granted, and defendant MCI's motion for sanctions is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 23, 2004.

---

[1] Defendant also claims that plaintiff's motion must fail because it did not fully comply with Rule 37(d) by providing a certification of good faith contact with defendant. Rule 37, however, states that such a certification, while required for certain discovery violations, is not necessary when imposing sanctions for failure to provide a Rule 30(b)(6) witness here regarding past incidents. We further note that the failure relates to the same subject area as the prior order compelling disclosure.