Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4394 | **DATE** | 4/8/2004 |
| **CASE TITLE** | MCI WORLDCOM NETWORK SERVICES vs. ATLAS EXCAVATING, INC. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. The protective order sought by MCI is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | APR 0 9 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 50 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | APR 0 9 2004 date mailed notice | |
| LG | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MCI WORLDCOM NETWORK SERVICES, | ) |
| Plaintiff/Counter-Defendant, | ) |
| vs. | ) No. 02 C 4394 |
| ATLAS EXCAVATING, INC., | ) |
| Defendant/Counter-Plaintiff. | ) |

MEMORANDUM OPINION AND ORDER

Plaintiff objects to four areas of discovery. They are as follows:

7. Any contacts made by MCI with Atlas Excavating, Inc., XO Communications, Inc. or Internet Construction, Inc. concerning the work performed by Atlas Excavating, Inc. at Grand Avenue and Entry Drive on or about December 4, 2001.

11. All claims filed by MCI alleging damage to fiber-optic cables or utility lines.

12. All claims filed by MCI alleging lose [sic] of use of fiber-optic cables or utility lines.

13. All claims filed against MCI alleging that MCI improperly or incorrectly marked the location of its fiber-optic cables or utility lines.

The objection to "7" is that it may require disclosure of attorney work product respecting contacts with XO Communications, Inc. or Internet Construction, Inc. Since defendant Atlas Excavating, Inc. (Atlas) has represented that it has no intention of intruding into the area of work product privilege, the objection is overruled as moot.

The others are more problematic. "11" and "12" relate to claims "filed" by MCI Worldcom Network Services, Inc. (MCI), without regard to where, when or what. MCI contends that the information sought is irrelevant and asserts that the request is overly broad

and unduly burdensome. We cannot assess how burdensome the request may be since we are not advised whether or not damage to fiber-optic cable is a common occurrence, with many claims over the years, or only a sometime thing. Defendant contends that such information is relevant to damages – whether the repair cost estimate is consistent with the claims for repairs in other incidents and whether the loss-of-use estimate is consistent with the claims for loss of use in other incidents. MCI counters by contending that every incident is different and that its loss- of-use estimate is based on FCC published rates, from which the reasonable rental value of comparable capacity can be determined for the time the cable was out of service.

We suspect that analysis of every claim for an extended period would be an expensive endeavor – and burden defendant with more information than it would want to digest. Further, the information, particularly of repair costs, appears of limited relevance. Defendant is entitled, however, to test MCI's assertion that reliance upon FCC rates is a reasonable and previously used procedure. Accordingly, we confine the information to claims which, during the past five years, have either arisen with respect to the cable from Downers Grove, Illinois, to Minneapolis, Minnesota, or have ripened into lawsuits anywhere in the country in which MCI has claimed a loss of use in excess of $500,000. For now, the lawsuit information shall be limited to a list of the cases sufficiently identified so that defendant can access the public files.

MCI objects, also, to disclosure of all claims against it that alleged it had improperly or incorrectly marked the location of its cables or lines, also on the grounds of being irrelevant, overly-broad and unduly burdensome. MCI has previously sought, and obtained, information from Atlas about its prior damage of underground facilities, arguing not only its relevance to a claim for punitive damages, but also to the issue of causation and possible pattern or practice

pursuant to Rule 406, Federal Rules of Evidence. It now claims that evidence of its prior problems with marking violates Rule 404(b). Its previous argument was a stretch, but we allowed discovery. Atlas' argument is also a stretch, but we think, as we did before, that sorting out admissibility comes later. MCI devotes most of its argument, however, to the contention that defendant's counterclaim is baseless because the Atlas witnesses themselves establish that the location was properly marked. But that is the stuff of a summary judgment motion, which has not been filed. We think defendant is entitled to some limited exploration – claims of mis-marking within the past three years.

Both parties seek fees and costs. Both are denied. The protective order sought by MCI is granted in part and denied in part, as indicated above.

          _____
                   JAMES B. MORAN
          Senior Judge, U. S. District Court

_____April 8_____, 2004.