# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MCI WORLDCOM NETWORK SERVICES, | ) | |
| Plaintiff/counter-defendant, | ) ) ) | |
| vs. | ) ) | No. 02 C 4394 |
| ATLAS EXCAVATING, INC., | ) ) ) | |
| Defendant/counter-plaintiff. | ) ) | |
| ATLAS EXCAVATING, INC., | ) ) ) | |
| Third party plaintiff, | ) ) | |
| vs. | ) ) | |
| COMCAST OF ILLINOIS VI, INC., f/k/a MEDIA ONE OF NORTHERN ILLINOIS, INC., | ) ) ) ) | |
| Third party defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff MCI WorldCom Network Services, Inc. brought this action against defendant Atlas Excavating, Inc., alleging negligence, trespass, strict statutory liability, and breach of contract, after defendant partially severed fiberoptic cables owned by plaintiff, during a construction site accident involving underground excavation. Plaintiff moved for summary judgment on all of its claims, except for breach of contract, and also on defendant's counterclaim. Defendant moved to dismiss the breach of contract claim. On February 23, 2005, the court granted plaintiff's motion for summary judgment and denied defendant's motion to dismiss. See MCI WorldCom Network Servs. v. Atlas Excavating, Inc., 2005 U.S.

Dist. LEXIS 10717, 2005 WL 1300766 (N.D. Ill. 2005). Defendant now requests that the court reconsider its granting of summary judgment to plaintiff. For the following reasons, that motion is denied.

Motions to reconsider only serve "to correct manifest errors of law or fact or to present newly discovered evidence." Publishers Res. Inc. v. Walker-Davis Publications, Inc., 762 F.2d 557, 561 (7th Cir. 1985). A motion to reconsider will only be granted when the court has misunderstood a party; made a decision outside the adversarial issues presented by the parties; made an error of apprehension (not of reasoning); if a significant change in law has occurred; or a significant change in facts has transpired. Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990). Defendant contends that this court's decision was "contrary to the facts and the law" because it contains several erroneous factual findings that should have been determined by a jury. However, defendant fails to support that position with any argument that the court has yet to consider. Motions to reconsider are not vehicles for rehashing old arguments that have already been rejected. Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000).

Defendant fails to offer any new arguments, facts, or law, and it does not claim the court dealt with issues not presented by the parties. Instead, defendant disagrees with how the court arrived at its decision, and the error it identifies is one of reasoning, not apprehension. As it did in its briefs filed in opposition to summary judgment, defendant claims that plaintiff mismarked the location of the underground fiberoptic cable. However, defendant admitted that it exposed the cable by potholing on the east and west side of Entry Drive, and that the

locates bordering the street were accurate.[1] *See* MCI WorldCom, 2005 U.S. Dist. LEXIS 10717, *20-21. Further, the markings on the side of the street were not material to defendant's negligence because, regardless of their existence, defendant knew it would cross the cable yet it failed to identify the precise location of the cable.

Defendant argues that the court wrongly concluded that Anthony Kinsler, the operator of the boring machine that severed defendant's cable, said that he knew the bore would cross the cable. According to defendant, Kinsler stated that he would bore under defendant's cable and not cross it. But defendant's definition of "cross" is unnecessarily narrow and confines the application of that word to instances of actual contact, which is in direct conflict to the meaning the court adopted – to move from one side to the other. *See* BLACK'S LAW DICTIONARY 375 (6th ed. 1990) ("As a verb [cross] means to pass or extend from one side to the other"). Further, Kinsler, defendant's owner, Terrance Dillon, and Joe Wirtz, defendant's former employee who worked on the excavation project, all used the word "cross" to describe how the bore would travel from the north side of the cable to the south side of the cable as it traveled under Entry Drive. *See* MCI WorldCom, 2005 U.S. Dist. LEXIS 10717, *18. Defendant's attempts to create a disputed issue of material fact out of the word "cross" fail.

Defendant also contends that the court wrongly concluded that Kinsler lost the signal of the bore head when it was under Entry Drive. However, defendant informs us that "Kinsler testified that he temporarily lost the signal" (def. reply brief at 3) and Kinsler noted in a post-accident report that he "lost signal on locator box." It was not plaintiff's locates on the curbs of Entry Drive, which defendant conceded were accurate, that caused the accident – it was

---

[1] Defendant claims that the court erroneously concluded that potholing was completed on only one side of the street. Defendant's selective reading of the court's opinion overlooks plain references to potholing on both the east and west side of the street. MCI WorldCom, 2005 U.S. Dist. LEXIS 10717, *20-22.

defendant's failure to locate the precise location of the cable under Entry Drive which led to the cable strike. That was and still is the conclusion of the court. Defendant also disagrees with the court's treatment of two cases. This claim charges an error of reasoning, not apprehension, and is not grounds for granting a motion to reconsider. The court cited Northern Illinois Gas Co. v. R.W. Dunteman, 301 Ill. App. 3d 689, 704 N.E.2d 960, 235 Ill. Dec. 387 (Ill. App. 2d 1998) to illustrate that plaintiff met its statutory duty for providing horizontal markings, and to emphasize that it was not required to place vertical markings. Dunteman also emphasized that the defendant, like defendant here, was aware of precautionary measures such as hand-digging, but failed to take those steps. Defendant's objection to the court's treatment of Southern Bell Telephone & Telegraph Co. v. Cherokee, Inc., 375 S.E.2d 347 (S.C. Ct. App. 1988) rests in large part on its position on the word "cross," which is untenable.

According to defendant, it was the victim of improper burden-shifting when the court concluded that no evidence supported the claim that it could not expose the cable under Entry Drive, and the claim that its bore path was confined to a right-of-way. These claims are affirmative defenses which plaintiff is not responsible for proving. Also, defendant ignores the fact that the court disregarded portions of the affidavits that discussed potholing in Entry Drive and the right-of-way. MCI Worldcom, 2005 U.S. Dist. LEXIS 10717, *11-17.

Summary judgment is proper when, as here, there are no genuine issues of material facts. FED. R. CIV. P. 56(c). The issue of mismarking implicates no material facts, and the court's factual determinations did not invade the province of the jury. In its motion to reconsider, plaintiff relies on facts that the court has previously disregarded (MCI WorldCom, 2005 U.S. Dist. LEXIS 10717*16-17) or declared immaterial (Id. at *21-22). Defendant presents no new arguments, legal or otherwise, and it is not entitled to relief.

## CONCLUSION

For the foregoing reasons, defendant's motion to reconsider is denied.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 19, 2005.